UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80182-Civ/Ryskamp-Vitunac

WADE HANSON,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.

    Defendant.

_____/

**ORDER REQUESTING INFORMATION REGARDING SETTLEMENT**

THIS CAUSE comes before the Court pursuant to Plaintiff's Stipulation of Dismissal with Prejudice, filed May 20, 2009 **[DE 27]**.  The Court also received on May 19, 2009 **[DE 26]** the mediator's report indicating that the parties had settled this matter in its entirety.  Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

The Court will not dismiss this matter absent further information regarding the settlement agreement.  The settlement agreement must be submitted to the Court, which must "scrutiniz[e] the settlement for fairness" and conclude that the settlement constitutes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).

The settlement agreement, if such exists, must be unsealed.  The terms of a settlement in private FLSA actions are generally a matter of public record.  The common law right of access to the courts "includes the right to inspect and copy public records and documents."  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1312 (1978)).  Whether a document

should be subject to public scrutiny depends in part on the role it plays in the litigation: a document that has a "direct[]" impact on the litigation is more appropriately disclosed than are discovery responses subject to judicial scrutiny merely for the sake of relevance.  <u>Stalnaker v. Novar Corp.</u>, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting <u>United States v. Amodeo</u>, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Also relevant is whether the "'right' at issue is of a 'private-public character,' as the Supreme Court has described employee rights under the FLSA." <u>Stalnaker</u>, 293 F.Supp.2d at 1264 (quoting <u>Brooklyn Sav. Bank v. O'Neill</u>, 324 U.S. 697, 708, 65 S.Ct. 895, 903 (1945)).  Sealed settlement agreements under the FLSA "thwart the public's independent interest in assuring that employee's wages are fair" and "endanger 'the national health and well-being.'"  <u>Stalnaker</u>, 293 F.Supp.2d at 1263 (quoting <u>Brooklyn Sav. Bank</u>, 324 U.S. at 706-07).  "A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in" FLSA cases.  <u>Id</u>. at 1264.

      The Court requests that the parties submit an unsealed copy of the settlement agreement within five days of the date of this Order.

      DONE AND ORDERED at Chambers in West Palm Beach, Florida this 26th day of May, 2009.

                                      S/Kenneth L. Ryskamp
                                      KENNETH L. RYSKAMP
                                      UNITED STATES DISTRICT JUDGE